UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMI ANN MILLER,<br><br>Defendant. | Case No. 3:18-cr-00139-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Tami Ann Miller's Motion for Compassionate Release. (Dkt. 53.) The Government opposes the motion. (Dkt. 55.) The Court has considered the briefing and record, including Miller's medical records (Dkt. 56) filed under seal and Miller's supplemental filing of medical records (Dkt. 59). The Court will deny the motion.

# BACKGROUND

In 2018, Miller pled guilty to conspiracy to distribute methamphetamine and was sentenced to 78 months of incarceration. (Dkt. 44.) During a search of her home, officers located over 1.5 pounds of methamphetamine, $16,000 in cash, three handguns and a short-barreled shotgun located near the methamphetamine.

MEMORANDUM DECISION AND ORDER - 1

(Dkt. 38.) The Government exercised its discretion and did not charge Miller for possession of the short-barreled shotgun. Notably, Miller's guideline range was 135 months to 168 months, with a two-level upward adjustment for the proximity of the short-barreled shotgun to the drugs. (*Id.* at 5, 12.) The Government requested at sentencing that the guideline range be reduced by three levels. (Dkt. 42.) The Court (Judge Lodge) varied even further, sentencing Miller to 78 months of imprisonment, followed by 5 years supervised release. (Dkts. 44, 45.)

Miller has served 32 months of her sentence. Her projected release date is February 5, 2024. At the time of her motion (Dkt. 53, filed March 23, 2021), her reply (Dkt. 58, filed May 3, 2021), and her supplemental information (Dkt. 59, filed July 6, 2021), she was housed at FCI-Dublin. As of August 10, 2021, FCI-Dublin had one inmate and zero staff with confirmed COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed 8/10/2021). Miller has since been transferred to Phoenix RRM, a residential reentry management field office. Information regarding the COVID-19 infections among inmates and staff housed at Phoenix RRM is not currently available online.

Miller is 58 years old and suffers from obesity, hypothyroidism, and other chronic health problems. Obesity puts Miller at greater risk of severe complications from COVID-19. https://www.cdc.gov/coronavirus/2019-

MEMORANDUM DECISION AND ORDER - 2

ncov/need-extra-precautions/people-with-medical-conditions.html. (Last accessed August 10, 2021.) Miller contracted COVID in December 2020, had relatively mild symptoms, and has recovered. (Dkt. 56 at 12, 75, 78, 79, 86.)

## LEGAL STANDARD

Miller seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Miller requested compassionate release from the Warden of her facility, which was denied on in December 2020. Therefore, his motion is ripe for

**MEMORANDUM DECISION AND ORDER - 3**

consideration.

The § 3553(a) factors do not warrant a reduction of Miller's sentence. She has served 32 months of her sentence. She was identified as the source of supply for methamphetamine and was in possession of multiple firearms. The Court granted Miller a significant variance at sentencing and finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered Miller's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Miller's health conditions may constitute extraordinary and compelling circumstances, but they do not outweigh the § 3553(a) analysis. Further, Miller already contracted COVID-19, had relatively mild symptoms, and recovered. While the Court recognizes that some reinfections are expected, the CDC explains that reinfections remain rare.[1]

Finally, the Government notes, and Miller admits, that she was offered the

---

[1] A recent study shows, however, that the unvaccinated are more than twice as likely to
get reinfected than those who are vaccinated. *See* https://www.cdc.gov/media/releases/2021/s0806-vaccination-protection.html (last accessed August 10, 2021).

**MEMORANDUM DECISION AND ORDER - 4**

COVID-19 vaccine and declined to take it.[2] The Ninth Circuit has not addressed whether an individual who has been offered and refused a COVID-19 vaccination can satisfy the extraordinary and compelling standard. District courts in the Ninth Circuit have, however, found that the refusal of a COVID-19 vaccination undercuts requests for compassionate release. *See, e.g., United States v. Barraza-Macias*, No. 3:12-CR-00392-MO-4, 2021 WL 2000241, at *1 (D. Or. May 19, 2021)("Mr. Barraza-Macias's argument in favor of release is significantly undercut by the fact that he was offered and refused a vaccine that has so far proven to be highly effective at preventing severe illness and death.") (citing When You've Been Fully Vaccinated, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html)); *United States v. Richmond*, No. 1:14-CR-00171-NONE, 2021

---

[2] Miller states that there is "not enough scientific information to convince me that the vaccine is effective." (Dkt. 58 at 3.) Contrary to Miller's position, the CDC has determined that "authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19. Fully vaccinated people are less likely to become infected and, if infected, to develop symptoms of COVID-19. They are at substantially reduced risk of severe illness and death from COVID-19 compared with unvaccinated people." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last accessed August 10, 2021.) Further, as already noted, the CDC explains that risk of reinfection is more than twice as great among the unvaccinated than those who are vaccinated.

**MEMORANDUM DECISION AND ORDER - 5**

WL 2337626, at *6 (E.D. Cal. June 8, 2021)("In cases [where] an inmate cites the risk of contracting COVID-19 as a basis for relief but refuses to receive a vaccine, courts across the country have nearly uniformly denied compassionate release because such refusal undercuts [an inmate's] fear of infection.") (citations omitted)); *United States v. Cao*, No. 3:18-CR-00059-SLG, 2021 WL 1792056, at *1 (D. Alaska May 5, 2021)(denying request for compassionate release noting "the medical records do not support Mr. Cao's assertion as to the severity of his medical condition," and he "was offered, and refused, the COVID-19 vaccine."); *United States v. Baeza-Vargas*, No. CR1000448010PHXJAT, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021)("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (collecting cases)). The Court finds the reasoning of these cases to be persuasive. Although not determinative, the Court finds Miller's decision to refuse a COVID-19 vaccination undercuts her claim that risk of reinfection with COVID-19 constitutes extraordinary and compelling circumstances.

## ORDER

**IT IS ORDERED** that Tami Ann Miller's Motion for Compassionate Release (Dkt. 53) is DENIED.

MEMORANDUM DECISION AND ORDER - 6

DATED: August 18, 2021

_____
B. Lynn Winmill
U.S. District Court Judge